[Cite as *In re A.J.M.*, 2012-Ohio-1751.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| | | Hon. Sheila G. Farmer, J. |
| A.J.M. and | | Hon. John W. Wise, J. |
| H.K.K. | | Case No. 11 CAF 12 0117 |
| Alleged Dependent Children | | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 09-10-2174-01-C; 09-10-2175-01-C |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 18, 2012 |
| APPEARANCES: | |

| For Appellee | For Appellant Mother |
|---|---|
| CAROL H. O'BRIEN<br>PROSECUTING ATTORNEY<br>KATHERYN L. MUNGER<br>ASSISTANT PROSECUTOR<br>140 North Sandusky Street, 3rd Floor<br>Delaware, Ohio 43015 | SCOTT M. GORDON<br>40 North Sandusky Street<br>Delaware, Ohio 43015<br><br>For Larry Joey Hall |
| Guardian Ad Litem | DONALD G. WORLY<br>43 East Central Avenue<br>Delaware, Ohio 43015 |
| STEPHEN J. VATSURES<br>15 West Central Avenue<br>Delaware, Ohio 43015 | For Robert Keeton<br><br>DONALD R. REEDER<br>286 South Liberty Street<br>Powell, Ohio 43065 |

*Wise, J.*

{¶1}    Appellant Carmen Keeton ("Mother") appeals the November 30, 2011, judgment entered in the Guernsey County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her two minor children, and granted permanent custody of the children to Appellee Delaware County Department of Job and Family Services.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant-Mother is the biological mother of A.J.M. (dob 10/3/2003), and H.K.K. (dob 12/20/2005). Larry Joey Hall is the biological father of A.J.M. and Robert Keeton is the biological father of H.K.K. (T. at 10).

{¶3}    Appellee Delaware County Department of Job and Family Services ("DCDJFS") became involved after the police had been called to the family home approximately18 times for domestic violence and assault. The violence was precipitated by alcohol use by Appellant-Mother and Robert Keeton. (T. at 211).

{¶4}    On October 1, 2009, DCDJFS filed a complaint, alleging the children to be dependent, and seeking temporary custody of the children. Protective supervision was ordered on October 2, 2009. (T. at 211).

{¶5}    On November 18, 2009, the children were removed and placed in foster care due to an incident where the police were called to the Keeton home for domestic violence. The police heard the children inside the home yelling, "Stop, Stop." (T. at 211-212). Both parents had bruising from the domestic violence incident. (T. at 212).

{¶6}    On November 19, 2009, following an ex parte hearing, the children were placed in the temporary custody of DCDJFS.

**{¶7}** Appellant-Mother and the fathers of the two children admitted to the Dependency Complaint and on December 19, 2009, the trial court adjudicated the children to be dependent.

**{¶8}** On December 21, 2009 a case plan was adopted. (T. at 211).

**{¶9}** Pursuant to the case plan, Appellant-Mother was required to participate in Adult Treatment Court for her drug and alcohol issues, follow recommendations of her mental health assessment, complete a drug and alcohol assessment and follow the recommendations, participate in domestic violence counseling, submit to random drug and alcohol screens, sign releases of information, seek employment, have stable housing and working utilities, and take a parenting class. (T. at 214, 226).

**{¶10}** On December 22, 2010, DCDJFS filed a Motion for Permanent Custody.

**{¶11}** In May, 2011, a trial commenced in this matter, resulting in denial of said motion by the trial court. The Judgment Entry of denial was filed on June 17, 2011.

**{¶12}** On September 23, 2011, DCDJFS filed a second Motion for Permanent Custody.

**{¶13}** The trial on the motion was held in November, 2011.

**{¶14}** At trial, testimony was presented that Appellant-Mother failed to complete the case plan, admittedly still using marijuana and alcohol to the point of intoxication just weeks before the final Permanent Custody trial, still not consistently engaged in mental health counseling, and still without stable housing or employment. (T. at 368-369). Appellant was homeless and living in the cemetery just a few weeks prior to the permanent custody trial. (T. at 159). Appellant had failed to secure employment, her last job being in May, 2009. (T. at 376).

**{¶15}**  The trial court heard evidence from caseworkers that Appellant-Mother did engage in services for periods of time, but was not consistent. (T. at 348-349).  The caseworkers testified that during supervised visitations with the children, Appellant-mother spent time on the telephone instead of focusing her attention on her children and failed to discipline the children and instead sent them out of the room to sit with the caseworker. (T. at 135-138, 142-149, 161, 166).  Appellant-Mother also failed to show at scheduled supervised visits or had them canceled due to positive drug screens. (T. at 31-33, 215, 145, 168).  Appellant-Mother also missed A.J.M.'s birthday visit because she woke up late. (T. at 28-29).

**{¶16}**  Evidence was presented that both boys have been diagnosed with ADHD behavioral disorders and that A.J.M. also has cognitive and speech delays. (T. at 14).

**{¶17}**  The trial court also heard testimony that the children's current foster family is a "very loving family with a lot of structure." (T. at 281).  Testimony was presented that many of the aggressive behaviors the boys had been exhibiting had largely stopped since they had been placed in this foster home.  (T. at 281).

**{¶18}**  The Court Appointed Special Advocate (CASA) testified that the boys indicated that they consider their foster family to be their family and that they would like to stay there, that they call it home.  (T. at 284).

**{¶19}**  Additionally, the Guardian Ad Litem, in his report, stated that he was in favor of the permanent custody motion.

**{¶20}**  Further, evidence was presented as to a recent altercation between Appellant-Mother and her brother which resulted in a no trespass order against Appellant-Mother. (T. at 370).

**{¶21}** By Judgment Entry filed November 30, 2011, the trial court terminated Mother's parental rights, privileges, and obligations with respect to her minor children, and granted permanent custody of the children to DCDJFS.

**{¶22}** It is from this judgment entry Mother appeals, assigning as error:

## ASSIGNMENT OF ERROR

**{¶23}** "I. THE TRIAL COURT'S FINDING THAT IT WOULD BE IN THE CHILDREN'S BEST INTEREST TO GRANT PERMANENT CUSTODY TO THE DELAWARE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶24}** This case comes to us on the expedited calendar and shall be considered in compliance with App.R. 11.2(C).

### I.

**{¶25}** As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.

**{¶26}** R.C. §2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. §2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody

of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.

{¶27} Following the hearing, R.C. §2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶28} In determining the best interest of the child at a permanent custody hearing, R.C. §2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

**{¶29}** Therefore, R.C. §2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. §2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

**{¶30}** If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. §2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. §2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶31}** In this case, Appellant-Mother concedes that the children were in the temporary custody of DCDJFS for twelve or more months of a consecutive twenty-two month period. Appellant-Mother challenges only the best interest finding.

**{¶32}** As set forth in our statements of the facts and case, supra, Mother was unable to remedy the problems which caused the initial removal of the children from her custody. Mother failed to comply with or complete her case plan. Based upon the foregoing reasons and the entire record in this matter, we find the trial court's decision to grant permanent custody to DCDJFS was not against the manifest weight of the evidence. Further, the trial court's decision to terminate Appellant-Mother's parental rights was supported by clear and convincing evidence.

**{¶33}**   Appellant-Mother's sole Assignment of Error is overruled.

**{¶34}**   For the foregoing reasons, the judgment of the Court of Common Pleas,

Juvenile Division, Delaware County, Ohio, is affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


_____

_____

_____

JUDGES

JWW/d 0329

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                     :
                                      :
    A.J.M. and                       :
                                      :
    H.K.K.                           :          JUDGMENT ENTRY
                                      :
    Alleged Dependent Children       :          Case No. 11 CAF 12 0117


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is affirmed.

Costs assessed to Appellant.


                                    _____

                                    _____

                                    _____

                                            JUDGES